RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY 30  A 10: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Adams, ) | C. A. No. 2:05-3106-MBS-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Steven Adams, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for supplemental security income benefits and disability insurance benefits on July 18, 2002 and July 25, 2002, alleging that he became unable to work on July 1, 2002, due to problems with his back, legs, and knees, tendonitis, obesity, diabetes and depression. On November 12,

1

2003, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with his attorney and his wife, Earleen Adams, considered the case de novo, and on August 5, 2005, found the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commission of Social Security when it was approved by the Appeals Council on September 6, 2005.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's degenerative joint disease and diabetes mellitus are "severe" impairments, based upon the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4.
>
> 5. The claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity to perform the full range of sedentary

>work activity.
>
>7. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).
>
>8. The claimant is a "younger individual" (20 CFR §§ 404.1563 and 416.963).
>
>9. The claimant has a "high school education" (20 CFR §§ 404.1564 and 416.964).
>
>10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).
>
>11. The claimant has the residual functional capacity to perform substantially all of the full range of sedentary work (20 CFR §§ 404.1567 and 416.967).
>
>12. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, Medical-Vocational Rules 201.27 and 201.28, Appendix 2, Subpart P, of Regulations No. 4 would direct a conclusion of "not disabled."
>
>13. The claimant's capacity for sedentary work is substantially intact and has not been compromised by any non-exertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.
>
>14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

Tr. 19-20.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by

substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. <u>Myers v. Califano</u>, 611 F.2d 980, 982-83 (4th Cir. 1988); <u>Richardson v. Califano</u>, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. <u>Shivey v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R.

Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)

**QUESTIONS PRESENTED**

The plaintiff indicated by brief that he disagreed with the administrative law judge's decision for three reasons: "The administrative law judge fails to provide evidence that the claimant has enough residual functional capacity to perform sedentary work. Second, the claimant's depression is severe enough to meet the requirements under 12.04 and prevent him from working a desk job. Third, the claimant's reports of back and knee pain are supported by medical evidence in the record." (Pl. brief page 1.) At oral argument before the undersigned on May 17, 2006, the plaintiff indicated that his best argument was that he met the Listing of Impairments under 12.04 for depression. He argued generally about whether he could perform sedentary work. He did not pursue his contention that the administrative law judge's credibility assessment was not supported by substantial

5

evidence. The Commissioner noted that the case here turns on the plaintiff's depression.

## **LISTING OF IMPAIRMENTS**

Disability is determined with reference to a "Listing of Impairments" contained in regulations promulgated by the Commissioner. A claimant may be found disabled if his impairment or impairments have "specific clinical findings that are the same as those for any [listed] impairment ... or are medically equivalent to those for any [listed] impairment." 20 C.F.R. § 404.1578(a)(1)(1986). Here, the plaintiff contends he presented evidence which established that he was presumptively disabled under Listing 12.04 for Affective Disorders which reads:

12.04 Affective Disorders

> Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> > 1. Depressive syndrome characterized by at least four of the following:
> >
> > > a. Anhedonia or pervasive loss of interest in almost all activities; or
> > > b. Appetite disturbance with change in weight; or
> > > c. Sleep disturbance; or
> > > d. Psychomotor agitation or retardation; or
> > > e. Decreased energy; or
> > > f. Feelings of guilt or worthlessness; or

        g. Difficulty concentrating or thinking; or
        h. Thoughts of suicide; or
        I. Hallucinations, delusions, or paranoid thinking;

AND

    B. Resulting in at least two of the following:

        1. Marked restriction of activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Marked difficulties in maintaining concentration, persistence, or pace; or
        4. Repeated episodes of decompensation, each of extended duration;

A review of the record and relevant case law indicates that substantial evidence supports the administrative law judge's determination that the plaintiff did not meet the Listing. The administrative law judge reviewed the plaintiff's medical records in this regard throughly and accurately reported:

> Medical records dated May 29, 2003, through August 26, 2004. from Columbia Area Mental Health Center shows the claimant with diagnosed single episode major depression and alcohol abuse. These records also show the claimant reported that he drank 4-5 beers per day, and was counseled concerning his alcohol usage. Multiple examinations show the claimant alert, oriented times four, insight was fair to good and his thought processes were relevant and goal directed. The claimant was started on a trial of Paxil. On August 11, 2003 visit, the physician noted that the claimant reported improvement and that he had been working and helping a friend in the construction business. The claimant did not show for his next two appointments, and on November 14, 2003, the claimant was switched to Zoloft. The claimant did not show for his next scheduled appointment, and on December 19, 2003, he reported no side affects from the medication. Follow-up appointment on January 16, 2004, shows the claimant reported that he had stopped taking Zoloft because of it causing diarrhea and that he did not want to take it anymore. The claimant was started on a trial of Wellbutrin. The claimant did not show for follow-up appointment on

> February 13, 2004, and on March 19, 2004, the claimant reported that he had been feeling better and that he had not been taking the Wellbutrin for approximately one month. These records further show the claimant failed to show for his scheduled appointments on May 14, 2004 and August 26, 2004. (Exhibits 7F, 11F). ...
>
> Although the claimant's wife testified that the claimant had crying spells and had given up, and the claimant testified that his last appointment at the mental health center was in August 2004, these records show the claimant was last seen on March 19, 2004, reported improvement, and reported that he had not been taking the medication for approximately one month (Exhibit I IF). These records further show that the claimant had only presented for eight of his scheduled 15 appointments (Exhibits 7F, 11F).
>
> Considering the claimant's depression, I find he would have minimal at most, restrictions of activities of daily living, no difficulties in maintaining social functioning, and no difficulties in maintaining concentration, persistence, or pace. I find no evidence of repeated episodes of deterioration or decompensation of extended duration.

Tr. 18.

Here, contrary to the plaintiff's argument and consistent with 20 C.F.R. § 404.1520a, the administrative law judge rated the degree of Plaintiff's functional limitations resulting from his depression and found that Plaintiff would have minimal at most, restrictions of activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration, persistence, or pace, and no evidence of repeated episodes of deterioration or decompensation of extended duration. (Tr. 18).

Plaintiff had the burden of coming forward with medical findings to show that his depression met or equaled findings

required by Listing 12.04. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 (1987) (it is the claimant's burden to show that her impairment is presumptively disabling under the Listings). The mere diagnosis of depression is not sufficient to determine that Plaintiff met Listing 12.04. See 20 C.F.R. § 404.1525(d)(we will not consider your impairment to be one listed in appendix 1 solely because it has the diagnosis of a listed impairment, it must also have the findings shown). For Plaintiff to show that his impairment met or equaled Listing 12.04, he must present medical findings equal in severity to all the criteria for the Listing. See <u>Sullivan v. Zebley</u>, 110 S.Ct. 885, 891 (1990). He did not do so. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. <u>Id.</u>

In sum, the plaintiff was able to point to some evidence that he experienced some symptoms which are consistent with the A Criteria of 12.04. On the other hand, he simply could not establish that he met or equaled the B Criteria of 12.04. He therefore failed to establish that he met the Listing, and the administrative law judge's determination that he did not meet the Listing is supported by substantial evidence. No reversible error has occurred.

### **RESIDUAL FUNCTIONAL CAPACITY**

The regulation explaining residual functional capacities (RFC) states in relevant part:

> 404.1545 Your residual functional capacity.
> (a) General. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations. If you have more than one impairment, we will consider all of your impairment(s) of which we are aware. We will consider your ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions, as described in paragraphs (b), (c), and (d) of this section. Residual functional capacity is an assessment based upon all of the relevant evidence. It may include descriptions (even your own) of limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of your medical condition. Observations by your treating or examining physicians or psychologists, your family, neighbors, friends, or other persons, of your limitations, in addition to those observations usually made during formal medical examinations, may also be used. These descriptions and observations, when used, must be considered along with your medical records to enable us to decide to what extent your impairment(s) keeps you from performing particular work activities. This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s).

The plaintiff was not able to point to evidence that any doctor or vocational expert put functional restrictions on his work activity. Contrary to Plaintiff's assertion, the administrative law judge followed Agency rules and regulations and properly determined his RFC and considered all of his impairments in making the residual functional capacity assessment (Tr. 18). In the body of her decision, the administrative law judge stated Plaintiff's RFC in terms of his ability to sustain work-related activities, discussed his functional limitations, and cited specific medical findings which supported her

conclusion (Tr. 15-19). While Plaintiff may disagree with the administrative law judge's determination, he has failed to present evidence which would contradict that determination. See 20 C.F.R. § 404.1645(a)(3) (claimants are responsible for providing the evidence needed to make a finding about their residual functional capacity). It appears substantial evidence of record supports the administrative law judge's determination that the plaintiff can perform a full range of sedentary work.

## CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that the decision of the Commissioner denying benefits be affirmed.

                                    Respectfully submitted,

                                    Robert S. Carr
                                    United States Magistrate Judge

Charleston, South Carolina,

May 30, 2006

11